**KRNAC et al., Appellants,**

v.

**STARMAN et al., Appellees.**

[Cite as *Krnac v. Starman* (1992), 83 Ohio App.3d 578.]

Court of Appeals of Ohio,
Medina County.

No. 2124.

Decided Dec. 16, 1992.

*James B. Palmquist III*, for appellants.

*Christopher J. Collier*, for appellees.

QUILLIN, Presiding Judge.

The question before us is whether a juvenile court has the authority to grant paternal grandparents visitation rights with a grandchild after the grandchild has been adopted by a stepfather. We hold there is no such authority.

Appellants are the parents of Norman H. Krnac and the grandparents of Rebecca Krnac. Rebecca was born to Norman H. Krnac and Meredith Krnac (n.k.a. Meredith Starman). After being divorced from Norman, Meredith married Scott Starman, who adopted Rebecca.

In this action, appellants sought to obtain visitation rights with Rebeccá. The juvenile court ruled that it had no authority to grant visitation. We affirm.

Appellants raise one assignment of error.

## Assignment of Error

"A probate [juvenile] court does not lose jurisdiction to authorize visitation by a grandparent of a grandchild after a step-parent adoption. The allowance of visitation is subject to the best interests of the child."

The juvenile court determined that it lacks the statutory authority to grant visitation rights to biological grandparents after a child has been adopted by a stepparent. It based its determination on an analysis of R.C. 3109.051, R.C. 3107.15, and *In re Adoption of Ridenour* (1991), 61 Ohio St.3d 319, 574 N.E.2d 1055. The Krnacs argue that the juvenile court has the authority to grant such rights based upon a determination of the best interests of the child.

R.C. 3107.15 provides:

"(A) A final decree of adoption and an interlocutory order of adoption that has become final, issued by a court of this state, shall have the following effects as to all matters within the jurisdiction or before a court of this state:

"(1) Except with respect to a spouse of the petitioner and relatives of the spouse, to relieve the biological or other legal parents of the adopted person of all parental rights and responsibilities, and to terminate all legal relationships between the adopted person and his relatives, including his biological or other legal parents, so that the adopted person thereafter is a stranger to his former relatives for all purposes * * *."

R.C. 3109.051 provides:

"(B)(1) In a divorce, dissolution of marriage, legal separation, annulment, or child support proceeding that involves a child, the court may grant reasonable companionship or visitation rights to any grandparent, any person related to the child by consanguinity or affinity, or any other person other than a parent, if all of the following apply:

"(a) The grandparent, relative, or other person files a motion with the court seeking companionship or visitation rights.

"(b) The court determines that the grandparent, relative, or other person has an interest in the welfare of the child.

"(c) The court determines that the granting of the companionship or visitation rights is in the best interest of the child."

In *Ridenour, supra,* 61 Ohio St.3d at 325, 574 N.E.2d at 1060–1061, the Ohio Supreme Court interpreted these statutes in the context of an adoption by

strangers, and determined that neither the juvenile court nor the probate court has the authority to award post-adoption visitation to biological grandparents. While the holding in that case referred specifically to the adoption of a child by strangers, the statutory analysis in a stepparent adoption is the same.

As the court explained, R.C. 3107.15 on its face terminates the child's relationship with his biological grandparents. While R.C. 3109.051 permits a court to grant visitation rights "to any other person having an interest in the welfare of the child," it applies only to divorce, dissolution, alimony, separation, annulment, and/or child support proceedings. R.C. 3109.051 is not to be read as an indirect amendment of R.C. 3107.15:

" * * * there is nothing in the language of these statutes which suggests that through their passage the legislature intended to indirectly liberalize the strict dictates of R.C. 3107.15 to allow post-adoption visitation by biological grandparents." *Id.*, 61 Ohio St.3d at 326, 574 N.E.2d at 1062.

The court further supported its interpretation of these statutes by addressing the underlying policy considerations:

"The vast difference between the policy concerns underlying the child protection statutes and the policy considerations behind the adoption statutes supports our refusal to interpret R.C. 3109.05 and its current analogue [R.C. 3109.051] as an indirect amendment of R.C. 3107.15. In the context of a divorce, it is in the interest of the child to preserve to the greatest extent possible the healthy and beneficial relationships which the child enjoyed prior to the divorce. It is hoped that maintaining established familial relationships will minimize the negative impact of the divorce on the child. By contrast, the adoption statute seeks to transform the child's collection of relationships and, in effect, give the child a new identity. While this goal may not be fully attainable, particularly in the context of children who are not adopted immediately after birth, it must be pursued. Otherwise, children will become bewildered as adults battle for their time and affection, adoptive parents will not enjoy the same autonomy as natural parents, and potential adoptive parents may be discouraged from adopting for fear that they will have to compete with the child's biological family for the child's love and respect." *Id.*, 61 Ohio St.3d at 327, 574 N.E.2d at 1062.

While it could be said that the above policy considerations are applicable only to stranger adoptions and that different considerations apply where the adoption is by a stepparent, the Supreme Court's determination of the visitation issue is primarily based upon its interpretation of the statutory language in R.C. 3107.15 and 3109.051. Because these statutes make no distinction between stranger and stepparent adoptions, we believe that we are bound by the court's determination in *Ridenour*. We hold, therefore, that the legislature has not provided the

juvenile court with the authority to grant visitation rights to biological grandparents following an adoption.   The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and COOK, J., concur.