MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

A.W. SWEENEY and WRIGHT, JJ., dissent.

SWEENEY, N.K.A. SMITH, APPELLANT, *v.* SWEENEY ET AL., APPELLEES.

[Cite as *Sweeney v. Sweeney* (1994), 71 Ohio St.3d 169.]

(No. 94–23—Submitted October 26, 1994—Decided December 14, 1994.)

---

*Michael T. Gunner*, for appellant.

170

*Carlile, Patchen & Murphy* and *Michael J. Delligatti; Delligatti, Hollenbaugh & Briscoe, Colleen H. Briscoe* and *David L. Petitjean,* for appellees.

---

This cause is before this court upon the certification of the Court of Appeals for Fayette County that its judgment conflicted with the judgment of the Court of Appeals for Medina County in *Krnac v. Starman* (1992), 83 Ohio App.3d 578, 615 N.E.2d 344, and with the judgment of the Court of Appeals for Licking County in *Farley v. Farley* (1992), 85 Ohio App.3d 113, 619 N.E.2d 427.

The issue certified to this court is "whether a domestic relations court retains jurisdiction to grant visitation rights under R.C. 3109.051 to a 'former' grandparent despite a step-parent adoption under R.C. 3107.15. In other words, what effect, if any, does R.C. 3107.15 have on the provisions of R.C. 3109.051 in the context of a step-parent adoption."

The judgment of the court of appeals is reversed on the authority of *In re Martin* (1994), 68 Ohio St.3d 250, 626 N.E.2d 82, and *In re Adoption of Ridenour* (1991), 61 Ohio St.3d 319, 574 N.E.2d 1055, and the judgment of the trial court is reinstated. This court finds no abuse of discretion by the trial court.

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, J., dissents.

PFEIFER, J., dissenting. This case involves a stepparent adoption where the adoptees, aged seven and five, have enjoyed a long, close relationship with their paternal grandparents. Those grandparents now seek visitation rights.

This court should take the opportunity it missed in *In re Martin* (1994), 68 Ohio St.3d 250, 626 N.E.2d 82, to recognize the important public policy reasons for allowing courts to grant visitation rights to grandparents in non-stranger adoption cases where such visitation is in the best interests of the child. This court noted with apparent approval in *In re Adoption of Ridenour* (1991), 61 Ohio St.3d 319, 327, 574 N.E.2d 1055, 1062, that at least five states permit grandparent visitation after a stepparent adoption. Adopted children should not be forced to trade a continuing, loving relationship with grandparents for the stability of an adoptive home. Certainly, in many cases it is in the child's best interest to have both, and trial courts should have the power to make that determination.