OPINION
Plaintiff-appellant Daniel L. Brown appeals from a judgment on the pleadings, pursuant to Civ.R. 12(C), and from a summary judgment rendered against him. Brown contends that the trial court erred by finding his claims barred for failure to sufficiently plead, and barred by the applicable statute of limitations and by the doctrine of res judicata.
We conclude that the trial court did err to the extent that it dismissed Brown's claim for breach of contract against the Vanimans because the claim was sufficiently pleaded, and was not not barred by the applicable statute of limitations, and was not subject to dismissal pursuant to the doctrine of res judicata. Likewise, we conclude that the trial court erred by dismissing the claims for fraud and unjust enrichment against the Vanimans as the fact of the running of the applicable statutes of limitation is not readily apparent from the face of the complaint. However, the trial court did not err in dismissing all other claims and causes of action raised by Brown.
Accordingly, the judgment of the trial court is Affirmed in part, and Reversed in part, and this cause is Remanded for further proceedings.
 I
This controversy has a long history. In 1987, Brown entered into a land installment contract with Charles Vaniman, James Lee Vaniman, Linda Sue Harbaugh, and Charles C. Vaniman, Jr., and Cheryl Ann Stubbs, co-executors of the estate of Myriam V. Stubbs, deceased [hereinafter Vanimans]. Vaniman v. Brown (Jan. 14, 1993), Montgomery App. No. 13554, unreported. The parties agreed to permit the land to remain insured through Vaniman's insurance policy with the Indiana Insurance Company until Brown could secure his own insurance coverage. On April 30, 1988, a barn on the farm burned down. Later, Vaniman filed an action in the Montgomery County Common Pleas Court seeking to cancel the contract, and to forfeit Brown's interest in the property based on a claim of default in payment. Id. A judgment canceling the land contract was entered in 1990. Id. The judgment was vacated by an agreed order whereby the parties agreed to "give Brown one last chance to meet his obligations under the land installment contract." Id.
The agreed order stated that if Brown defaulted on his obligation, the trial court could enter judgment against him without holding any further proceedings. Id. In July, 1991, Vaniman filed an affidavit averring that Brown was in default and a motion to enter judgment accordingly. Id. Brown then filed a memorandum "alleging various acts by Vaniman intended to sabotage Brown's ability to pay his obligation under the land installment contract"; however, the memorandum did not controvert Vaniman's affidavit. Id.
Therefore, judgment was entered against Brown. Id.
On appeal, we affirmed the judgment. Id. We also ruled the appeal frivolous and ordered Brown to pay the Vaniman's attorney fees and expenses. We also stated as follows:
 It may be that Brown's allegations, if proven, would entitle him to relief under Civ.R. 60(B)(3), due to fraud, misrepresentation, or other misconduct of an adverse party. However, that is a post-judgment remedy extrinsic to the pre-judgment proceedings in the trial court. Similarly, Brown may have an independent cause of action for money damages for fraud.
On April 23, 1993, Thomas Folino filed a complaint in the Montgomery County Common Pleas Court seeking a declaration as to the distribution of insurance proceeds paid into escrow by Brown's insurance company, Truck Insurance Exchange, for the fire to the barn. See Folino v. Brown (June 17, 1994), Montgomery App. No. 14263, unreported. Folino asserted that both the Vanimans and Brown claimed the funds. Id. The Vanimans introduced an agreement providing that upon default by Brown the proceeds of the escrow account should be paid to the Vanimans. Id. In opposition, Brown asserted that the Vanimans were not entitled to the funds for the following reasons:
 [Brown] denied that Vaniman was entitled to any of the escrow funds because of Vaniman's refusal to allow Brown to use the funds to rebuild the barn and that such action was a material breach which suspended Brown's obligation to pay according to the terms of the land contract. He also alleged that Vaniman was estopped from alleging that Brown was in default because of Vaniman's refusal to permit Brown to build the barn was a breach of Vaniman's implied obligation of good faith and fair dealing and Vaniman knew that Brown needed the income from the farm to prevent default.
 * * * Brown asserted that due to his labors, the value of the barn had increased from $37,000 to $63,844, and that he had already paid Vaniman over $60,000 pursuant to the terms of the contract, and therefore to prevent a "forfeiture", the escrowed funds should be paid to him.
 * * * [Brown] asserted that Vaniman had breached the land contract by maliciously refusing to permit him to rebuild the barn knowing full well that Brown depended upon income from boarding racehorses in the barn on the real estate.
Id.
The trial court granted summary judgment in favor of the Vanimans, and we affirmed. Id.
In January, 1994, Brown filed a complaint against the Vanimans alleging breach of contract, restitution, fraud as to the insurance proceeds, fraud to induce the signing of the agreed settlement and requesting to recover title to the property. In March, 1994, Brown filed a petition in bankruptcy, and the state action was stayed. The bankruptcy action was dismissed in August, 1994. Nineteen months later, Brown sought to reactivate his state cause of action. The trial court denied his motion on the basis that Brown had not shown just cause for his delay in attempting to reactivate his cause of action. On appeal, we found that we did not have jurisdiction over the appeal, and dismissed it. Brown v.Stubbs (Feb. 14, 1997), Montgomery App. No. 15998, unreported.
Relevant to this appeal, in August, 1998, Daniel Brown filed a complaint in the Montgomery County Common Pleas Court against the Vanimans, and against William E. Stephens and William E. Stephens Insurance Agency (hereinafter collectively referred to as "Stephens"). The complaint alleged causes of action for breach of contract, fraud, unjust enrichment, tortious interference with contract, civil conspiracy, "violations of U.S.C. § 1981-1985," and duress. The complaint sought relief in the form of restitution, restoration of title, and declaratory judgment. The only portions of the complaint relevant to Stephens are the claims for tortious interference with a contract, duress and civil conspiracy. Brown also filed a notice of lis pendens against the property.
The Vanimans filed a motion for judgment on the pleadings upon the grounds that Brown's claims were insufficiently pleaded, were barred by the applicable statutes of limitation, and were barred by the doctrine of res judicata. The motion was sustained, and the notice of lis pendens was declared null and void. Brown filed a motion for reconsideration, which was denied. Subsequently, Stephens filed a motion for summary judgment upon the ground that Brown had failed to file suit within the applicable statute of limitations. The trial court granted the motion for summary judgment. Brown thereafter appealed both judgments to this court.
 II
Brown's Assignments of Error are as follows:
 I. THE TRIAL COURT ERRED IN ITS RULING AGAINST APPELLANT CITING RES JUDICATA AS A BAR TO APPELLANT [SIC] DEFENSE.
 II.THE TRIAL COURT ERRED IN ITS DECISION OF [SIC] DENYING ALL OF APPELLANT'S DEFENSE DUE TO STATUTES OF LIMITATION.
 III.THE TRIAL COURT ERRED IN ITS DECISION IN RULING THAT APPELLANT HAD NOT SET FORTH SUFFICIENT FACTS TO MEET EVEN THE MINIMUM ELEMENTS OF THE CAUSES OF ACTION ALLEGED.
In his Assignments of Error, Brown argues that: (1) the trial court erred by applying the doctrine of res judicata to bar his claims; and (2) the trial court erred by denying his claims upon the ground that they were not made within the applicable statutes of limitation.
 A. Claims Against the Vanimans
We first note that we find, viewing the allegations in the complaint in a light most favorable to Brown, that his pleadings, while inartful, were adequate as to all of his causes of action.
We next turn to the issue of whether the trial court erred by finding Brown's claims against the Vanimans barred by the doctrine of res judicata. The Vanimans' motion for judgment on the pleadings was made pursuant to Civ.R. 12(C). However, unless the pleadings are closed, "a Civ.R. 12(C) motion is premature and cannot be considered * * *." State ex rel. Kaylor v. Bruening
(1997), 80 Ohio St.3d 142, 143. Since the Vanimans had not yet filed a responsive pleading at the time of filing their motion, the motion could not be construed as a Civ.R. 12(C) motion for judgment on the pleadings. Id., at 144. Instead, the trial court should have considered the dismissal motion under Civ.R. 12(B)(6).Id. "Nevertheless, any error by [the trial court] in treating [the Vaniman's] motion as a Civ.R. 12(C) motion is harmless if dismissal was otherwise appropriate." Id. Thus, we must determine whether dismissal was appropriate under Civ.R. 12(B)(6).Id.
To the extent that the trial court dismissed the claims against the Vanimans as barred by res judicata, we find error. The doctrine of res judicata is not grounds for dismissal pursuant to Civ.R. 12(B)(6). State ex rel. Freeman v. Morris (1991),62 Ohio St.3d 107, 109; Jim's Steak House, Inc. v. City of Cleveland
(1998), 81 Ohio St.3d 18. Instead, the more appropriate method for raising the defense of res judicata is by way of motion for summary judgment after an answer is filed. Proper application of the doctrine of res judicata requires that the identical cause of action shall have been previously adjudicated in a proceeding with the same parties, in which the party against whom the doctrine is sought to be imposed shall have had a full and fair opportunity to litigate the claim. These tests for the proper application of the doctrine involve factual determinations that cannot be made based solely upon the pleadings in the new proceeding.
We turn next to the issue of whether the trial court erred by finding Brown's claims barred by the applicable statutes of limitation. The defense of the running of the statute of limitations may be raised by a Civ.R. 12(B)(6) motion if the facts are ascertainable from the face of the complaint itself. Mills v.Whitehouse Trucking Co. (1974), 40 Ohio St.2d 55; Klawon v. Schram
(July 25, 1989), Montgomery App. No. 11214, unreported. In order to facilitate our analysis, we will discuss this issue as it applies to each cause of action raised in the complaint.
First, Brown alleged that the Vanimans breached the Land Installment Contract ("LIC") and the amendment to the LIC by failing to set up an escrow account, as required by the amendment, for the proceeds paid by Truck Insurance Exchange as a result of the fire damage to the barn. It is not clear from the complaint when the amendment to the LIC was executed. However, the LIC was not executed until May, 1987. The statute of limitations for a written contract is fifteen years. R.C. 2305.06. Therefore, since the amendment was necessarily executed after the LIC, this cause of action was brought within the applicable statute of limitation, and the trial court erred by dismissing it on this basis.
Brown next alleges that the Vanimans committed fraud by assuring him that the escrow account had been established and that they would help him rebuild the barn. Without these assurances, Brown contends that he would not have signed a claims draft form. The complaint alleges that Brown was aware of the fraud by as early as 1993; since the complaint does not specify the exact date in 1993, we will view the allegation in a light most favorable to him and assume that he did not discover the fraud until December 31, 1993. The statute of limitation on a claim for fraud is four years. R.C. 2305.09. Although it would appear that this cause of action is barred by the statute of limitations, there are various doctrines that toll the running of statutes of limitations. For example, the Vanimans may have been out of the state, which tolls the running of the statute. R.C. 2305.15(A). Before judgment may be entered pursuant to Civ.R. 12(B)(6), the moving party must show that there is no set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover.York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143. Because of the existence of doctrines tolling the statute of limitations, it cannot be said that there is no set of facts, consistent with Brown's complaint, that would allow him to recover.
The next cause of action asserted by Brown is a claim for unjust enrichment. Brown contends that he made improvements to the subject property, and made payments thereon to the Vanimans. According to the complaint, Brown lost all rights to the property as of June 26, 1992, and was no longer making payments or improvements. In this case, it is clear that Brown's claim of unjust enrichment states a claim in quasi-contract. Hambleton v.R.G. Barry Corp. (1984), 12 Ohio St.3d 179. Thus, the statute of limitations for unjust enrichment is six years pursuant to R.C.2305.07. Id. Again, although it would appear that the statute of limitations had run on Brown's claim, the existence of doctrines tolling the statute of limitations under various circumstances precludes a finding that there is no set of facts, consistent with Brown's complaint, that would allow him to recover.
Brown also asserted claims for tortious interference with a contract, civil conspiracy, duress and violations of "USC 1981-1985." We find that these claims were properly dismissed for reasons other than the running of the statutes of limitation and res judicata.
The claims of tortious interference with a contract and civil conspiracy are based upon the allegation that the Vanimans and Stephens falsified insurance records. As previously noted, when Brown and the Vanimans entered into the LIC, the parties agreed to permit Brown to pay for coverage under the Vaniman's Indiana Insurance Company policy of insurance for the property until such time as Brown secured his own insurance. According to Brown, the Vanimans and Stephens (as insurance agent) falsified documents in order to delete the coverage for Brown as of March 10, 1988, rather than the actual date of deletion, April 26, 1988. We find that this claim has no merit. The barn was not destroyed by fire until April 30, 1988. Therefore, even if the deletion date was April 26, rather than March 10, the Indiana Insurance Company policy would not have provided coverage for the fire damage. Thus, we conclude that the trial court correctly dismissed these claims.
Likewise, we conclude that the trial court correctly dismissed Brown's claim for duress. Duress is typically asserted as an affirmative defense. It does not state a cause of action for which relief can be granted. In any event, Brown asserts that the duress began in 1988 and has continued to the date of the current action. Therefore, any such claim was capable of being raised in any of the prior law suits.
Finally, Brown claims that the Vanimans violated "USC 1981-1985" by failing to accept his offer to repurchase the property. According to Brown, the property was placed for sale in 1998. When he phoned the real estate agent for the Vanimans, he was told that the Vanimans were asking $600,000 for the property. Brown alleges that the Vanimans accepted less money from a different buyer. He further alleges that he attempted to submit a "backup offer" on the property, but that the Vanimans refused to accept his offer. Brown contends that the Vanimans refused his offer because of his race.
We begin by noting that 42 U.S.C. § 1984 is no longer in effect. An action brought pursuant to 42 U.S.C. § 1983 does not reach private conduct. District of Columbia v. Carter (1973),409 U.S. 418. Therefore, the trial court did not err in dismissing these claims.
42 U.S.C. §§ 1981 and 1982 reach private conduct that is racially discriminatory. Runyon v. McCrary (1976), 427 U.S. 160. Also, 42 U.S.C. § 1985 reaches some private conduct. The only portion of 42 U.S.C. § 1985 applicable to this action is the prohibition against conspiracies to deprive any person from the equal protection of the laws.
However, we find that Brown failed to state a claim or cause of action implicating 42 U.S.C. §§ 1981, 1982 or 1985. Brown alleges that he only made a "backup offer" on the property. He does not allege that the contract with the other buyer fell through, necessitating consideration of his offer. Also, he does not allege that his backup offer was for the same price, or even close to the same price, as the offer made by the first offeror. Accordingly, we cannot say that Brown has stated a claim of racial discrimination. Therefore, the trial court did not err in dismissing all of these claims.
 B. Claims Against Stephens
The only viable claims made by Brown against Stephens are those for tortious interference with a contract, duress and civil conspiracy. Based on our reasoning set forth above, we find that the trial court correctly dismissed the complaint against Stephens.
We find that all the claims made against Stephens were properly dismissed by the trial court. We also find that the trial court correctly dismissed Brown's claims for duress, violations of U.S.C. §§ 1981-1985, tortious interference with a contract and civil conspiracy as they relate to the Vanimans. However, we conclude that the trial court erred by dismissing the claims for breach of contract based on the failure to establish an escrow account, fraud and unjust enrichment. The claims were sufficiently pleaded, the movant failed to make a showing that the statute of limitations had not run, and res judicata cannot be raised in Civ.R. 12(B)(6) motions.
Accordingly, Brown's Assignments of Error are sustained in part and overruled in part.
 III
The judgment of the trial court is Affirmed in part, andReversed in part, and this cause is Remanded for further proceedings consistent with this opinion.
GRADY, P.J., and BROGAN, J., concur.
Copies mailed to:
Daniel L. Brown
Hugh E. Wall, III
Thomas Green
Hon. John Kessler