On May 15, 2001, relator, Mark Wetzel, filed a Complaint in Prohibition asking this court to prohibit respondent, Judge David Spears, from entertaining jurisdiction over a divorce action filed by Deborah Wetzel, relator's wife. Respondent filed a Motion to Dismiss pursuant to Civ.R. 12(B)(6). Relator has also filed a Request for Early Decision.
On October 12, 2000, Deborah Wetzel filed a complaint for divorce from relator in the Scioto County Court of Common Pleas, Domestic Relations Division, alleging that she had been a resident of Scioto County for six months prior to the filing of her complaint. Service of the complaint on relator was obtained on January 17, 2001. On that same day, relator filed an action for divorce against Deborah Wetzel in the Superior Court, Chancery Division, Family Park, Salem County, New Jersey. Service was obtained on Deborah Wetzel on February 27, 2001. On March 23, 2001, relator filed a motion to dismiss the Scioto County divorce complaint for lack of jurisdiction. That motion is still pending before respondent.
Before a writ of prohibition will issue, the movant must demonstrate that (1) the inferior court or officer is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) refusal to issue the writ will result in injury for which there is no remedy in the ordinary course of law. State ex rel. Jones v.Garfield Heights Municipal Court (1997), 80 Ohio St.3d 447. See, also,State ex rel. Kaylor v. Bruening (1997), 80 Ohio St.3d 142; State exrel. Lipinski v. Cuyahoga Cty. Court of Common Pleas, Probate Div. (1995), 74 Ohio St.3d 19. If relator fails to meet the three prongs of this test, a petition for writ of prohibition will be denied.
R.C. 3105.03 addresses the jurisdiction of a court over divorce action. It states:
 "The plaintiff in actions for divorce and annulment shall have been a resident of the state for at least six months immediately before filing the complaint. * * * The court of common pleas shall hear and determine the case, whether the marriage took place, or the cause of divorce or annulment occurred, within or without the state."
It is clear from the complaint that although the Wetzels resided in New Jersey during the marriage, Deborah Wetzel now resides in Scioto County and did so for at least six months prior to filing her divorce complaint against relator.
Prohibition will not lie if the relator has an adequate remedy in the ordinary course of law, including legal or equitable relief, unless the lower court patently and unambiguously lacks jurisdiction over the cause. Kaylor, supra. See, also, State ex rel. Fraternal Order ofPolice, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas(1996), 76 Ohio St.3d 287; Fogle v. Steiner (1995), 74 Ohio St.3d 158. Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy at law by appeal. Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm. (1995), 74 Ohio St.3d 120. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel. Rootstown Local School District Board ofEducation v. Portage County Court of Common Pleas (1997), 78 Ohio St.3d 489
and State ex rel. Bradford v. Trumbull County Court (1992),64 Ohio St.3d 502.
Pursuant to R.C. 3105.03, the Scioto County Common Pleas Court, Domestic Relations Division has jurisdiction over the complaint for divorce filed by Deborah Wetzel. Thus, a writ of prohibition will not lie.
Complaint Dismissed. Writ Denied. Costs to Relator.
 JUDGMENT ENTRY
Relator's Complaint for a Writ of Prohibition is DENIED.
The costs of this action are taxed to relator.
The Clerk of Courts is directed to mail a copy of this Decision and Judgment Entry to all counsel and to relator personally by regular U.S. mail.
Roger L. Kline, Administrative Judge.
Harsha, J. and Evans, J. Concur.