JOURNAL ENTRY and OPINION
{¶ 1} Relator, the Cuyahoga County Department of Children and Family Services ("CCDCFS"), seeks a writ of prohibition to respondent, the judge, Alison Floyd, a juvenile court judge to prevent her from proceeding in Juvenile Court Case Nos. AD00900003 and AD00900004. In those cases, respondent determined that the children were neglected and granted temporary custody to CCDCFS. Thereafter, CCDCFS appealed the denial of its request for permanent custody and that appeal is pending in the Court of Appeals known as Case No. 81392.
 {¶ 2} In its complaint, CCDCFS averred that respondent had scheduled a hearing for September 20, 2002 "on whether a reasonable time has elapsed such that the children should be placed or returned to mother." Complaint, Exh. B, July 30, 2002 journal entry in Case Nos. AD00900003 and AD00900004. CCDCFS also averred that respondent had previously indicated an intention to return the children to their mother. CCDCFS argued that respondent lacked jurisdiction to proceed on September 20 because an appeal remains pending in Case No. 81392. By entry dated September 19, 2002, this court granted the application for alterative writ filed by CCDCFS and prohibited respondent judge from further proceedings in Cuyahoga County Juvenile Court Case Nos. AD00900003 and AD00900004 which would affect the custody of the children.
 {¶ 3} Respondent has since filed a motion to dismiss and argues that prohibition is not appropriate because R.C. 2151.23(A)(1) defines the jurisdiction of juvenile court as including matters concerning a child who is alleged to be neglected. Respondent has also filed an answer. Relator has not responded to the motion to dismiss.
 {¶ 4} The criteria for the issuance of a writ of prohibition are well-established.
 {¶ 5} "In order to be entitled to a writ of prohibition, [relator] had to establish that (1) the [respondent] is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to [relator] for which no other adequate remedy in the ordinary course of law exists.State ex rel. White v. Junkin (1997), 80 Ohio St.3d 335, 336,686 N.E.2d 267, 268." State ex rel. Wright v. Ohio Bur. of MotorVehicles (1999), 87 Ohio St.3d 184, 185, 1999-Ohio-1041, 718 N.E.2d 908.
 {¶ 6} The Supreme Court affirmed this court's judgment in State exrel. Wright v. Registrar, Bur. of Motor Vehicles (Apr. 29, 1999), Cuyahoga App. No. 76044.
 {¶ 7} "A two-part test must be employed by this Court in order to determine whether a writ of prohibition should be issued. State ex rel.East Mfg. Corp. v. Ohio Civ. Rights Comm. (1992), 63 Ohio St.3d 179;Dayton Metro. Hous. Auth. v. Dayton Human Relations Council (1992),81 Ohio App.3d 436. Initially, we must determine whether the respondent patently and unambiguously lacks jurisdiction to proceed. The second step involves the determination of whether the relator possesses an adequate remedy at law. State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.
(1990), 55 Ohio St.3d 98." Case No. 76044 at 3, 5.
 {¶ 8} In Case Nos. AD00900003 and AD00900004, respondent determined that the children are neglected. R.C. 2151.23(A) provides in part: "The juvenile court has exclusive original jurisdiction under the Revised Code as follows: (1) Concerning any child who on or about the date specified in the complaint, indictment, or information is alleged to * * * be a * * * neglected, or dependent child * * *." Clearly, respondent has jurisdiction to hear Case Nos. AD00900003 and AD00900004.
 {¶ 9} Nevertheless, CCDCFS contends that its appeal of respondent's denial of the motion for permanent custody of CCDCFS bars respondent from exercising jurisdiction regarding the custody of the children. Respondent argues, however, that CCDCFS would have an adequate remedy by way of appeal if she were to issue a ruling regarding custody which was adverse to CCDCFS.
 {¶ 10} "Once an appeal is taken, the trial court is divested of jurisdiction until the case is remanded to it by the appellate court except where the retention of jurisdiction is not inconsistent with that of the appellate court to review, affirm, modify or reverse the order from which the appeal is perfected. Stewart v. Zone Cab of Cleveland
(Jan. 31, 2002), Cuyahoga App. No. 79317, citing Yee v. Erie Cty.Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44, 553 N.E.2d 1354. * * *.
 {¶ 11} "Here, however, the trial court decided the very issue to be determined on appeal * * *." State v. Taogaga, Cuyahoga App. No. 79845, 2002-Ohio-5062, ¶ 18-19.
 {¶ 12} In Case No. 81392, CCDCFS appeals the denial of its request for permanent custody. Yet, respondent clearly indicates in her July 30, 2002 journal entry that juvenile court would determine whether "the children should be placed or returned to mother." That is, respondent would be entering judgment on the issue of custody. Clearly, respondent's proceeding to enter a judgment affecting the custody of the children would be inconsistent with that of this court to review, affirm, modify or reverse the judgment currently on appeal in Case No. 81392. As a consequence, respondent is patently and unambiguously without jurisdiction to act regarding the custody of the children. Compare Stateex rel. Kaylor v. Bruening, 80 Ohio St.3d 142, 1997-Ohio-350,648 N.E.2d 1228. (In Kaylor, the Supreme Court held that the domestic relations court patently and unambiguously lacked jurisdiction to proceed with the mother's post-decree motions regarding visitation after probate court granted the stepmother's petition for adoption. The Supreme Court reversed the judgment of the court of appeals dismissing the father's action in prohibition and entered judgment granting a writ of prohibition. "Kaylor's allegations of `no adequate remedy in the ordinary course of law' and `irreparable harm to the minor child and to the relationship between [Kaylor] and his family' should the domestic relations court proceedings not be stopped were sufficient to preclude dismissal under Civ.R. 12(B)(6)." Id. at 148 [citation deleted].)
 {¶ 13} In her answer, respondent admits the essential facts: CCDCFS appealed the denial of its request for permanent custody and that appeal is pending; by entry received for filing on July 30, 2002, respondent scheduled a hearing for September 20, 2002 "on whether a reasonable time has elapsed such that the children should be placed or returned to mother." "[I]f the parties are in agreement about the pertinent facts, we can exercise our plenary authority in extraordinary actions and address the merits." Kaylor, supra, at 147.
 {¶ 14} In light of our holding that respondent is patently and unambiguously without jurisdiction to act regarding the custody of the children, we need not consider whether CCDCFS has an adequate remedy in the ordinary course of law. As a consequence, we must enter judgment for CCDCFS.
 {¶ 15} Accordingly, we deny respondent's motion to dismiss and enter judgment for CCDCFS. Respondent is prohibited from further proceedings in Cuyahoga County Juvenile Court Case Nos. AD00900003 and AD00900004 which would affect the custody of the children until this court enters judgment in Case No. 81392. Respondent to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ allowed.
MICHAEL J. CORRIGAN, P.J. and ANNE L. KILBANE, J. CONCUR.