McGee Brown, J.,
concurring.
{¶ 19} I concur in the judgment granting the requested extraordinary relief in prohibition but write separately to add that I believe that the court should address the second issue raised by relators and hold that Judge Capper patently and unambiguously lacked jurisdiction to order genetic testing because the claimed biological father did not timely register on the Ohio Putative Father Registry and did not timely object to relators’ adoption of the minor child.
{¶ 20} In general, “R.C. 3107.15(A) provides that a final decree of adoption issued by an Ohio court has the effect of terminating all parental rights of biological parents and creating parental rights in adoptive parents.” State ex rel. Kaylor v. Bruening, 80 Ohio St.3d 142, 145, 684 N.E.2d 1228 (1997). Therefore, *370 the final decree of adoption entered in May 2010 generally terminated the parental rights of the child’s biological parents.
Voorhees & Levy, L.L.C., and Michael R. Voorhees, for relators.
D. Andrew Wilson, Clark County Prosecuting Attorney, and Andrew P. Pickering, Assistant Prosecuting Attorney, for respondent.
{¶ 21} The importance of finality in adoption proceedings cannot be overstated. Nevertheless, in State ex rel. Furnas v. Monnin, 120 Ohio St.3d 279, 2008-Ohio-5569, 898 N.E.2d 573, ¶ 23,[1] we recognized an exception to this general rule by authorizing paternity testing “solely for the limited purpose of allowing the putative father to establish that he is the biological father so that he can exercise his statutory rights under R.C. 3107.09 and 3107.091 to provide information regarding his social and medical history for placement in the child’s adoption records.” The applicability of this limited exception, however, was circumscribed by the facts of that case, which included an objection in the adoption proceeding before the adoption became final. Id. at ¶ 3 and 4.
{¶ 22} Because no comparable facts are present here, the putative father lacked standing to raise his paternity claim by not timely registering on the putative-father registry and by failing to timely object to the adoption. Therefore, I believe that the judge patently and unambiguously lacked subject-matter jurisdiction to order genetic testing in the parentage case. And given the possibility that other judges may similarly misconstrue the court’s limited holding in Furnas by applying it to cases that do not have facts similar to those in Furnas, the issue is capable of repetition, yet evades review. Thus, the court should address relators’ remaining jurisdictional claim and hold that it also has merit.
O’Connor, C.J., and Lanzinger, J., concur in the foregoing opinion.

. For the reasons expressed in the dissenting opinions in Furnas, I am also troubled by the holding in that ease. See Furnas at ¶ 28-il (O’Donnell and Lanzinger, JJ., dissenting).