OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Sweeney, n.k.a. Smith, Appellant, v. Sweeney et al., Appellees.

[Cite as Sweeney v. Sweeney (1994), ___ Ohio St.3d ___.]

Juvenile law — Adoption of child by stepparent — Jurisdiction of domestic relations court to determine visitation rights of biological grandparents.

(No. 94-23 — Submitted October 26, 1994 — Decided December 14, 1994.)

Certified by the Court of Appeals for Fayette County, No. CA93-02-004.

_____

Michael T. Gunner, for appellant.

Carlile, Patchen & Murphy and Michael J. Delligatti; Delligatti, Hollenbaugh & Briscoe, Colleen H. Briscoe and David L. Petitjean, for appellees.

_____

This cause is before this court upon the certification of the Court of Appeals for Fayette County that its judgment conflicted with the judgment of the Court of Appeals for Medina County in Krnac v. Starman (1992), 83 Ohio App.3d 578, 615 N.E.2d 344, and with the judgment of the Court of Appeals for Licking County in Farley v. Farley (1992), 85 Ohio App.3d 113, 619 N.E.2d 427.

The issue certified to this court is "whether a domestic relations court retains jurisdiction to grant visitation rights under R.C. 3109.051 to a 'former' grandparent despite a step-parent adoption under R.C. 3107.15. In other words, what effect, if any, does R.C. 3107.15 have on the provisions of R.C. 3109.051 in the context of a step-parent adoption."

The judgment of the court of appeals is reversed on the authority of In re Martin (1994), 68 Ohio St.3d 250, 626 N.E.2d 82, and In re Adoption of Ridenour (1991), 61 Ohio St.3d 319, 574 N.E.2d 1055, and the judgment of the trial court is reinstated. This court finds no abuse of discretion by the trial court.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents.

Pfeifer, J., dissenting. This case involves a stepparent adoption where the adoptees, ages seven and five, have enjoyed a

long, close relationship with their paternal grandparents. Those grandparents now seek visitation rights.

This court should take the opportunity it missed in In re Martin (1994), 68 Ohio St.3d 250, 626 N.E.2d 82, to recognize the important public policy reasons for allowing courts to grant visitation rights to grandparents in non-stranger adoption cases where such visitation is in the best interests of the child. This court noted with apparent approval in In re Adoption of Ridenour (1991), 61 Ohio St.3d 319, 327, 574 N.E.2d 1055, 1062, that at least five states permit grandparent visitation after a stepparent adoption. Adopted children should not be forced to trade a continuing, loving relationship with grandparents for the stability of an adoptive home. Certainly, in many cases it is in the child's best interest to have both, and trial courts should have the power to make that determination.