OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. This case involves the adoption of Amanda Nicole Surnicki Reichard, born September 25, 1990. The following facts are relevant to a determination of this appeal.
Amanda's mother, Kristen Reichard, and Amanda's father, Phillip Surnicki, were divorced in July 1992, after a year-long separation. Following the divorce, Kristin Reichard developed a relationship with Brad Reichard which, in 1996, resulted in marriage. On June 19, 1997, Amanda's natural father, Phillip, died in a choking accident. Subsequently, on May 1, 1998, Brad Reichard filed a petition in the Trumbull County Court of Common Pleas, Probate Division, to adopt his step-daughter, Amanda.
On July 1, 1998, certain paternal relatives of Amanda, including her paternal grandparents, Sharon Hall and Phillip S. Surnicki, and paternal aunts and uncles, Nancy Soper, Steve Surnicki, Karen McGhee, and Lauren Isom, appellants in this case, filed a motion to stay the adoption proceedings or, in the alternative, for a hearing on the best interests of the minor child. Appellants claimed that the proposed adoption by Brad Reichard would not be in the best interests of Amanda. A hearing was conducted by a magistrate and, on August 26, 1998, the magistrate filed a decision recommending that appellants' motion for stay be stricken since none of appellants had standing to intervene in the matter. On that same day, the trial court judge adopted the magistrate's decision in its entirety, striking the motion to stay that had been filed by appellants. Eventually, the adoption of Amanda by Brad Reichard was approved by the trial court.
Appellants timely filed a notice of appeal and have now set forth a single assignment of error. Appellants contend that grandparents and other relatives have sufficient standing to intervene in an adoption. It is clear that appellants never filed a motion to intervene as interested parties in the adoption case. Instead, they filed a motion to stay and, accordingly, any allegation that it was error to deny them the right to intervene is without factual predicate. In ruling on appellants' motion to stay, the trial court found that they did not have the right to intervene. Hence, we will address that issue as though a motion had been filed in that regard.
It is appellants' contention that since there is no Ohio statute expressly permitting a grandparent to intervene in an adoption proceeding, the court must look to Civ.R. 24(A), which provides:
 "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
Appellants claim that grandparents and relatives have a stake in the presentation of issues in an adoption, and they are unable to protect their interest if they are not permitted to intervene in the action.
The Supreme Court of Ohio has expressly rejected appellants' argument and held that grandparents do not have the right to intervene, nor do they have a right to visitation with their grandchildren when the minors have been adopted by a third party. In In re Adoption of Ridenour (1991), 61 Ohio St.3d 319, the court stated that the clear legislative intent in enacting R.C. 3107.15, Ohio's adoption statute, was to terminate all legal relationships between the adopted person and his or her former relatives. Id. at 325. In effect, the child is given a new identity. Id. at 327. The court then ruled that biological grandparents should not have been allowed to intervene by the probate court in the adoption proceedings.
The court stated:
 "[W]e find that the trial court erred in granting the appellees' motions to intervene in the adoption proceeding. First, we note that there is no statutory basis for allowing the appellees to intervene. Under Civ.R. 24(A), a party has the right to intervene `when a statute of this state confers an unconditional right to intervene.' Under Civ.R. 24(B), the judge may permit a party to intervene `when a statute of this state confers a conditional right to intervene.' Unfortunately for the appellees, the relevant statutes, R.C. Chapter 3107, which govern all adoptions in Ohio, contain no provision giving the appellees either a conditional or an unconditional right to intervene. In fact, under R.C. 3107.11, the trial court is not even required to give the appellees notice of the adoption proceeding. * * *
 "Moreover, the appellees do not qualify as persons who must consent to an adoption pursuant to R.C. 3107.06. * * *
 "Appellees have pointed to no other provision granting them the right to intervene and we have found no such provision in our examination of the adoption statutes. Thus, the only question that remains is whether the juvenile court order granting visitation rights to the biological grandparents gives them a legally protectible interest which would allow them to intervene in the adoption proceeding pursuant to Civ.R. 24(A)(2). Civ.R. 24(A)(2) provides that a party has the right to intervene `when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.' We acknowledge that under R.C. 3107.15, the grandparents will lose their visitation rights if the adoptions are granted. However, as we have noted above, the purpose of the adoption proceeding is not to protect the grandparents' rights. The purpose is to determine, on the basis of the best interests of the child, whether to grant or deny the adoption petitions. Certainly, if the trial judge requires testimony from the grandparents so as to determine the child's best interests, the judge may obtain it. However, unless the appellees are themselves seeking to adopt, they do not have an interest in the adoption proceedings per se
sufficient to give them standing to intervene. Consequently, we conclude that the trial judge erred in permitting the appellees to intervene." Id. at 328-330.
Thus, the Supreme Court of Ohio made it clear that grandparents have no right to intervene in an adoption. We note that whileRidenour involved a "stranger" adoption, the court later expressly expanded the holding to include "non-stranger" adoptions as well. In re Martin (1994), 68 Ohio St.3d 250,254; State ex rel. Kaylor v. Bruening (1997), 80 Ohio St.3d 142, 146. The Supreme Court of Ohio has repeatedly held that while it may not agree with the result, any change in the law will have to come from the legislature. We agree. See, Ridenour, at 328. It is apparent that there has been some movement in this area as noted by the Twelfth District Court of Appeals in Foor v. Foor (Apr. 26, 1999), Preble App. No. CA98-06-007, unreported, wherein the court stated in fn. 1:
 "We note at this point that as of April 12, 1999, the Legislative Drafting Subcommittee of the Ohio State Bar Association Family Law Committee has accepted the Supreme Court's invitation for legislative changes in the area of grandparent visitation following a stepparent adoption. Specifically, the committee has drafted and proposed legislation that would prevent the curtailment or restriction of grandparent visitation following a stepparent adoption. The proposed legislation would require grandparents seeking such visitation to file a motion with the trial court and further require the trial court to consider whether such visitation would be in the best interest of the child. See Ohio State Bar Report, Vol. 72, #15, April 12, 1999, pp. 365-370. However, while we find comfort in this proposed legislation, because it is not currently statutory authority, it cannot be considered controlling authority in the matter now before this court."
 As of now, this proposal remains just a proposal and, thus, is still not controlling authority in the present case.
Appellants have also alleged that grandparents have a statutory right to pursue visitation with their grandchildren. This argument, however, was expressly rejected by the Supreme Court of Ohio in Ridenour, 61 Ohio St.3d at 325. See, also,Farley v. Farley (1992), 85 Ohio App.3d 113, 116; and Krnac v.Starman (1992), 83 Ohio App.3d 578, 580-581.
Based upon the foregoing analysis, the trial court did not err in denying appellants standing to intervene in the adoption of Amanda Nicole Surnicki Reichard. Appellants' sole assignment of error is without merit. The judgment of the trial court is hereby affirmed.
 ________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., CHRISTLEY, J., concur.