OPINION
{¶ 1} Appellant, Robert Stanton, appeals a decision of the Probate Division of the Fayette County Court of Common Pleas finding his consent was not necessary in the adoption of his biological daughter.[1]
 {¶ 2} Jeana Marie Copas was born to appellant and Christina Stanton (nka Copas) on September 19, 1994. Appellant and Christina filed for divorce in 1995. A shared parenting plan allocated the parties' parental rights and responsibilities for Jeana while the divorce was pending. The shared parenting plan was adopted as part of the final decree of divorce on April 13, 2000.
 {¶ 3} Christina married appellee, Shawn David Copas, on November 20, 2000. Appellee filed a petition to adopt Jeana on December 6, 2000. The trial court granted the adoption petition on June 18, 2001. However, the trial court set aside the June 18, 2001 adoption decree on November 6, 2001 when it discovered that appellant had not received proper notice of the adoption petition.
 {¶ 4} On February 13, 2002, the trial court held a hearing to determine if appellant's consent to the adoption was necessary. The trial court found that appellant had not visited Jeana since 1997. However, the trial court found that appellant did not know where Jeana was for much of the one-year period prior to the petition because Christina moved several times and failed to file a notice of intent to relocate as required in the shared parenting plan. Accordingly, the trial court found that Christina had significantly interfered with appellant's visitation. The trial court found that appellant's consent to the adoption was necessary and dismissed the petition on July 26, 2002.
 {¶ 5} Appellee filed a second petition for adoption on August 1, 2002. Appellee alleged that appellant's consent was not necessary because he had failed to communicate with Jeana in the one year preceding the second petition. The trial court held a hearing on the second adoption petition on September 25, 2002 and, on October 4, 2002, issued an adoption decree and a finding that appellant's consent was not required.
 {¶ 6} Appellant now appeals the trial court's determination that his consent was not required to the adoption of his daughter. Appellant raises two assignments of error on appeal. His first assignment of error states:
 {¶ 7} "The trial court erred, to the prejudice of appellant, by failing to recognize that its prior decree of adoption terminated appellant's parental rights of visitation, and therefore there was justifiable cause why appellant did not communicate with his daughter during the time the first adoption decree was in effect; despite the first decree being later vacated."
 {¶ 8} Generally, the consent of a natural parent is a prerequisite to an adoption. McGinty v. Jewish Children's Bur. (1989),46 Ohio St.3d 159, 161. However, R.C. 3107.07(A) creates an exception to this parental consent requirement. This section authorizes the adoption of a minor child without the consent of a parent if that parent "has failed without justifiable cause to communicate with that child for a period of at least one year" prior to the filing of the petition. In reAdoption of Holcomb (1985), 18 Ohio St.3d 361, paragraph one of the syllabus.
 {¶ 9} The party petitioning for the adoption bears the burden to prove by clear and convincing evidence that there was no justifiable cause for the parent's failure to communicate. Id. at paragraph four of the syllabus. Once the petitioner has established by clear and convincing evidence that the natural parent has failed to communicate for the requisite one-year period, the burden of going forward with evidence shifts to the natural parent to show some facially justifiable cause for such failure. In re Adoption of Bovett (1987), 33 Ohio St.3d 102, paragraph four of the syllabus. However, the burden of proof remains with the petitioner. In re Adoption of Beck (Aug. 2, 1999), Clermont App. No. CA98-10-93.
 {¶ 10} In this case, the parties agree that appellant has not seen his daughter since 1997. The question is whether there was justifiable cause for his lack of communication in the one-year period prior to the date the adoption petition was filed. See R.C. 3107.07(A). Since appellee's second petition for adoption was filed on August 1, 2002, the one-year period to examine lack of communication began on August 1, 2001. On this date, the first adoption decree had already been granted and was still in effect.
 {¶ 11} R.C. 3107.15(A) discusses the effects of an adoption. This provision provides that an adoption acts to "relieve the biological or other legal parents of the adopted person of all parental rights and responsibilities, and to terminate all legal relationships between the adopted person and the adopted person's relatives, including the adopted person's biological or other legal parents, so that the adopted person is thereafter a stranger to the adopted person's former relatives for all purposes * * *." Thus, an adoption has the effect of terminating all parental rights of biological parents and creating parental rights in adoptive parents. Kaylor v. Bruening, 80 Ohio St.3d 142, 145,1997-Ohio-350. R.C. 3107.15 acts to divest courts of jurisdiction to grant visitation rights to biological parents or other relatives after adoption. Id.; Sweeney v. Sweeney, 71 Ohio St.3d 169, 1994-Ohio-221; Inre Adoption of Ridenour (1991), 61 Ohio St.3d 319.
 {¶ 12} Thus, appellant had no legal right to communicate with his daughter while the adoption was in effect because his parental rights had been terminated. This inability to exercise parental rights constituted justifiable cause for appellant's failure to communicate. Although appellee argues that appellant was not immediately aware that Jeana had been adopted, the record shows that appellant learned of the adoption sometime in the Fall of 2001 and before the adoption order was vacated.
 {¶ 13} Therefore, we find that the trial court erred in determining that appellant failed without justifiable cause to communicate with his daughter in the one year preceding the second adoption petition. Appellant's first assignment of error is sustained.
 {¶ 14} In his second assignment of error, appellant contends that the trial court erred by failing to advise him that he had the right to an attorney at the September 25, 2002 hearing and in failing to grant a continuance. Given our resolution of appellant's first assignment of error, we find the second assignment of error is moot.
Judgment reversed.
VALEN, P.J., and WALSH, J., concur.
[1] We have sua sponte removed this case from the accelerated calendar for the purpose of issuing this opinion.