JOURNAL ENTRY and OPINION
{¶ 1} In November 2002, the juvenile division granted legal custody of minor child N.W. to his great aunt and uncle, who at the time resided with them in Erie County. At the time, the county was unable to locate the child's biological father, Ricky Pittman, for the hearing. In February 2004, Pittman filed a motion to modify custody, asking that he be granted custody of the child. Just prior to a scheduled hearing on Pittman's motion, the child's guardian ad litem asked the court to dismiss the motion under R.C. 2151.353(J)(1) on grounds that more than one year had passed since the court's last action on the matter and thus its jurisdiction over the matter terminated. The court granted the motion to dismiss over Pittman's objections that the court retained jurisdiction. The sole assignment of error is whether the court erred by granting the motion to dismiss. The county has not filed an appellate brief. We have expedited this appeal pursuant to App.R. 11.1(D).
 {¶ 2} The juvenile division of the court of common pleas is a court of limited and special subject matter, able to exercise only those powers specifically conferred upon by the General Assembly in R.C. Chapter 2151. See State v. Neguse (1991), 71 Ohio App.3d 596, 599.
 {¶ 3} R.C. 2151.353(J) states:
 {¶ 4} "(J) The jurisdiction of the court shall terminate one year after the date of the award or, if the court takes any further action in the matter subsequent to the award, the date of the latest further action subsequent to the award, if the court awards legal custody of a child to either of the following:
 {¶ 5} "(1) A legal custodian who, at the time of the award of legal custody, resides in a county of this state other than the county in which the court is located;
 {¶ 6} "* * *
 {¶ 7} "The court in the county in which the legal custodian resides then shall have jurisdiction in the matter."
 {¶ 8} Because the court dismissed Pittman's motion on subject matter grounds, the question before it under Civ.R. 12(B)(1) was "whether any cause of action cognizable by the forum has been raised in the complaint." State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80. This is a question of law which we address de novo on appeal. Shockey v.Fouty (1995), 106 Ohio App.3d 420, 424.
 {¶ 9} There can be no doubt that the application of R.C. 2151.353(J), on its face, would deny the court jurisdiction to hear the motion. Pittman filed his motion for modification of custody on February 18, 2004. The last action taken by the court subsequent to the award came on February 12, 2003, when the court granted the county's motion to terminate protective supervision over the child. Hence, the court had taken no action on the matter for over one year before Pittman filed his motion.
 {¶ 10} The record also shows that subdivision (1) of R.C. 2151.353(J) applied, as the child's custodians were residing in Erie County at the time they obtained legal custody of the child. As a consequence, R.C.2151.353(J)(1) applied to vest jurisdiction in the court in the county in which the legal custodians now reside.
 {¶ 11} Pittman first argues that the court should not have considered the guardian ad litem's motion to dismiss because she filed it in violation of Juv.R. 18(D), which requires that a written motion "shall be served not later than seven days before the time specified for the hearing unless a different period is fixed by rule or order of the court." The guardian ad litem filed the motion on the day of the hearing.
 {¶ 12} While Juv.R. 18(D) would, on its face, appear to apply, Pittman fails to recognize that the subject matter of the court may be challenged at any time in the proceedings. State ex rel. Jones v. Suster,84 Ohio St.3d 70, 78, 1998-Ohio-275. This is because, unlike personal jurisdiction, subject matter jurisdiction is unwaivable. Any action taken by a court lacking subject matter jurisdiction (other than that to determine its own jurisdiction) is void and without effect. Patton v.Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus.
 {¶ 13} Were we to apply Juv.R. 18(D) as suggested by Pittman, it would operate under these circumstances to prevent any questioning of the court's subject matter jurisdiction seven days before trial unless the movant has first obtained leave of the court. This interpretation would be wholly contrary to established jurisprudence on subject matter jurisdiction. Juv.R. 18(D) is a rule of procedure, and it cannot act to expand or otherwise change the subject matter jurisdiction of the court by preventing a party from challenging the court's jurisdiction. Cf. Civ.R. 82 (rules of civil procedure shall not be construed to extend or limit the jurisdiction of the courts). Consequently, Juv.R. 18(D) had no effect on Pittman's ability to seek a dismissal on jurisdictional grounds.
 II {¶ 14} Our discussion relating to the court's jurisdiction dovetails with Pittman's next argument: that R.C. 2151.353(J) must be read in conjunction with the Uniform Child Custody Jurisdiction Act, R.C.3109.22[1] to grant the court jurisdiction under these circumstances. R.C. 3109.22 states:
 {¶ 15} "(A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:
 {¶ 16} "(1) This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a parent who claims a right to be the residential parent and legal custodian of a child or by any other person claiming his custody or is absent from this state for other reasons, and a parent or person acting as parent continues to live in this state;
 {¶ 17} "(2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
 {¶ 18} "(3) The child is physically present in this state and either has been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent;
 {¶ 19} "(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with division (A)(1), (2), or (3) of this section, or a court in another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to make a parenting determination relative to the child, and it is in the best interest of the child that this court assume jurisdiction.
 {¶ 20} "(B) Except as provided in divisions (A)(3) and (4) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a parenting determination relative to the child.
 {¶ 21} "(C) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to make a parenting determination relative to the child."
 {¶ 22} Subsection (A) to R.C. 3109.22 clearly qualifies the court's powers by stating the prerequisite that the court must have jurisdiction to make a parenting decision relative to a child. But as we have found, R.C. 2151.353(J) acted to divest the court of jurisdiction since more than one year had elapsed since the court last took action on the matter. Instead, the statute invested jurisdiction "in the county in which the legal custodian resides * * *." Id.
 {¶ 23} Both R.C. 2151.353(J)(1) and 3109.22 relate to the same general subject matter; therefore, we must read them in pari materia. Cater v.Cleveland (1998), 83 Ohio St.3d 24, 29, 1998-Ohio-421. Because R.C.2151.353(J)(1) deprived the court of subject matter jurisdiction, the court would not have jurisdiction under R.C. 3109.22 since, as applied to the child in this case, it is not a "court of this state that has jurisdiction to make a parenting determination relative to a child."
 {¶ 24} We therefore find that the court unambiguously lacked jurisdiction and thus did not err by dismissing Pittman's motion.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court — Juvenile Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Karpinski, J., concur.
[1] R.C. 3109.22 was repealed on April 11, 2005, seven days prior to argument in this case. It was replaced with R.C. 3127.15, which makes significant, but irrelevant, changes to the prior statute.