[Cite as *Terrell v. Ford Motor Co.*, 2025-Ohio-4671.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SHATARRA TERRELL,                      :

    Plaintiff-Appellant,         :

                                      No. 114613

    v.                           :

FORD MOTOR COMPANY, ET AL.,            :

    Defendants-Appellees.        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** October 9, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-934797

---

### *Appearances:*

Carlin & Carlin and William A. Carlin; Mark W. Biggerman, *for appellant*.

Roetzel & Andress, LPA, Susan Squire Box, and Emily K. Anglewicz; Miller, Canfield, Paddock and Stone, P.L.C., and Paul D. Hudson, *pro hac vice, for appellee* Ford Motor Company.

LISA B. FORBES, J.:

{¶ 1} Plaintiff-appellant Shatarra Terrell, as executor of the estate of Luverdis Eugene Warner (hereinafter "the Estate" or "Warner's Estate"), appeals

from an order of the Cuyahoga County Court of Common Pleas granting defendant-appellee Ford Motor Company's (hereinafter "Ford") motion to administratively dismiss the Estate's amended complaint. The trial court granted the dismissal on the grounds that Warner's Estate failed to submit a report from a treating physician in support of its asbestos-related, wrongful-death claims as required by R.C. 2307.92. For the reasons set forth below, we find that the trial court did not have subject-matter jurisdiction over this case. We, therefore, vacate the trial court's decision and remand the matter to the trial court with instructions to dismiss the action for lack of jurisdiction.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Warner's Estate filed a complaint against Ford on July 10, 2020, stating that Luverdis Eugene Warner ("Warner") died from lung cancer on July 11, 2018. According to the complaint, Warner had been employed at Ford's Brook Park plant from March 1976 until June 2002 and that, during his employment, he was exposed to asbestos, which ultimately caused his death from asbestos-related lung cancer.

{¶ 3} The Estate stated that it was "bring[ing] this action pursuant to Chapter 2125 of the Ohio Revised Code for the exclusive benefit of next of kin." The complaint asserted six counts.

{¶ 4} In Count 1, the Estate sought a declaratory judgment. The Estate explained that it anticipated that Ford would argue the case could not proceed in common pleas court under R.C. Ch. 2125 (wrongful death), because claims involving

workplace injury against an employer fall under the exclusive jurisdiction of the Bureau of Workers' Compensation ("BWC").

{¶ 5} Count 1 identified R.C. 4123.59 as the controlling statute for workers' compensation in cases of workplace injury resulting in death and explained that under R.C. 4123.59, compensation from the workers' compensation fund is available only to the deceased worker's spouse and dependents. In this case, however, Warner's spouse had predeceased him and his adult children did not qualify as "dependents" under the statute. The Estate challenged the constitutionality of R.C. 4123.59 as applied to this case, asserting, among other things, that it violates Article I, Section 16, of the Ohio Constitution because it "denies [Warner's Estate] redress and a remedy for injury and denies [Warner's Estate] due process of law." Article I, Section 16 of the Ohio Constitution provides that "[a]ll courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

{¶ 6} Counts 2 through 6 of the complaint asserted claims for negligence, willful violation of asbestos safety statutes, exemplary and punitive damages, wrongful death, and survivorship.

{¶ 7} Ford responded to the complaint by denying the allegations and asserting multiple defenses — including the defense that Warner's Estate had anticipated — that the Estate's exclusive remedy would be pursuant to the Workers' Compensation Act, not a civil action in common pleas court.

{¶ 8} Ford moved to transfer the case to the Cuyahoga County Asbestos Docket, arguing that the claims alleged personal injury and wrongful death resulting from asbestos exposure and, therefore, belonged on the specialized docket. The Estate opposed the motion, stating:

> As this case is postured right now, there is no asbestos case. The complaint raises a constitutional issue. It is true that plaintiff's decedent died of asbestos related cancer. As set forth in the Complaint, the plaintiff's sole remedy is through the Workers Compensation Laws. However, the Workers Compensation Laws do not provide a remedy for the plaintiff and the Defendant's [sic] acknowledge this fact.

{¶ 9} The trial court granted Ford's motion to transfer the case to the asbestos docket. On May 4, 2023, Warner's Estate filed a motion for judgment on the pleadings, requesting that the court declare two workers' compensation statutes, R.C. 4123.59 and 4123.60, unconstitutional so that "Plaintiff can proceed forward with its common law remedies," in common pleas court.

{¶ 10} On July 15, 2024, Ford filed a motion for administrative dismissal under R.C. 2307.92(B), (C), and (D), arguing that the Estate had failed to submit the prima facie evidence required for maintaining an asbestos-related personal-injury or wrongful-death claim. Specifically, Ford contended that because Warner was a smoker, the Estate was required to provide, within 30 days of filing the complaint, a report from a "competent medical authority" concluding that asbestos exposure was a substantial contributing factor to his lung cancer. Ford asserted that no such report had been submitted.

{¶ 11} The Estate opposed the motion to dismiss, arguing that the trial court lacked jurisdiction to consider Ford's motion because the complaint sought only a ruling that the workers' compensation laws are unconstitutional as applied to Warner's Estate. According to the Estate, a favorable constitutional ruling would open the door for it to "maintain a common-law cause of action against the Defendant, [Ford], for wrongful death," and only then would the court have "[j]urisdiction . . . to entertain a wrongful death case pursuant to R.C. 2307.92."

{¶ 12} On October 30, 2024, the trial court granted Ford's motion and dismissed the complaint without prejudice. In its order, the court stated:

> The complaint in this case was not framed as an appeal from the administrative decision by the Bureau of Workers Compensation. Rather, the plaintiff chose to file an asbestos injury claim against the decedent's employer Ford Motor Company under Ohio Revised Code 2307.96. That statute has been held to be constitutionally valid by the Ohio Supreme Court, so this Court cannot consider the plaintiff's claim of unconstitutionality of the Statute.
>
> As Defendant has pointed out, the law requires a plaintiff to submit a report from a treating physician to support a claim. In this case, the report came from Dr. Schonfeld, an expert who examined the decedent as a basis for that report, but there is no history that he was the treating physician. Absent such a showing, the defendant's motion to dismiss without prejudice must be granted.

{¶ 13} Warner's Estate now appeals the trial court's dismissal, raising the following three assignments of error verbatim:

> 1. The Worker's Compensation Statute as applied to this case violates the Ohio Constitution.
>
> 2. The Trial Court erred when it ruled that Plaintiff failed to present a prima facie case that the Estate of Luverdis Eugene Warner's exposure to asbestos, while employed by Ford Motor Company was a substantial

factor in causing injury or loss to the Decedent because the Bureau of Worker's Compensation has exclusive jurisdiction to hear the claim.

3. The Trial Court erred when it granted Appellee's Motion to transfer this case to the asbestos docket because the only issue presented was the constitutionality of the Application of the Worker's Compensation statute to the Estate of Luverdis Eugene Warner, in violation of OH.R. Cuyahoga Gen. Rule 15.0 which insures a random selection of Judges.

## II. LAW AND ANALYSIS

{¶ 14} A threshold question in this appeal is whether the court of common pleas had subject-matter jurisdiction over the Estate's claims for workplace injury. *See M.F. v. Cuyahoga Cty. Div. of Children & Families*, 2024-Ohio-3306, ¶ 7 (8th Dist.) (Subject-matter jurisdiction may be raised sua sponte by an appellate court.).[1] A review of the common pleas court's subject-matter jurisdiction in relation to that of the Industrial Commission of Ohio — the adjudicatory body of the BWC — reveals that the trial court lacked jurisdiction over this dispute.

### A. Subject-Matter Jurisdiction of Courts of Common Pleas

{¶ 15} "'Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case . . . .'" *Ostanek v. Ostanek*, 2021-Ohio-2319, ¶ 21, quoting *Corder v. Ohio Edison Co.*, 2020-Ohio-5220, ¶ 14. "A court's subject-matter jurisdiction is determined without regard to

---

[1] Although the Estate raises the issue of subject-matter jurisdiction in its second assignment of error, it does so only with respect to the trial court's judgment on Counts 2 through 6, while asserting that the court had jurisdiction to hear the declaratory-judgment claim set forth in Count 1. However, as discussed in the body of this opinion, the trial court lacked jurisdiction to consider the declaratory-judgment action unless and until the issue was properly before it by way of an administrative appeal. Accordingly, we address the question of subject-matter jurisdiction sua sponte here.

the rights of the individual parties involved in a particular case, instead, the focus is on whether the forum itself is competent to hear the controversy." (Cleaned up.) *Id.* A court must have subject-matter jurisdiction before it can render a valid judgment in a case. *See id.* at ¶ 22. "'[I]f a court acts without jurisdiction, then any proclamation by that court is void.'" *Id.*, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998), citing *Patton v. Diemer*, 35 Ohio St.3d 68 (1988). "'[I]n the absence of subject-matter jurisdiction, a court lacks the authority to do anything but announce its lack of jurisdiction and dismiss . . . .'" *State v. Hudson*, 2004-Ohio-1980, ¶ 22, quoting *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 21.

{¶ 16} The common pleas courts have subject-matter jurisdiction over all civil cases that the law does not expressly exclude from its jurisdiction. *See Pivonka v. Corcoran*, 2020-Ohio-3476, ¶ 21. Article II, Section 35 of the Ohio Constitution provides that the General Assembly shall establish a workers' compensation system that requires employers to pay into a state-run insurance fund through which employees can be compensated in the event of workplace injury and death and that such compensation through the fund "shall be in lieu of all other rights to compensation or damages." "The Workers' Compensation Act is codified in R.C. Chap. 4123." *Osten v. Bur. of Workers' Comp.*, 2017-Ohio-9315, ¶ 9 (2d Dist.). R.C. 4123.74 states that employers who comply with the terms of the Workers' Compensation Act shall not be liable in damages at common law or by statute for workplace-related injury.

{¶ 17} As a result of the constitutional and statutory provisions cited above, the Workers' Compensation Act is the exclusive remedy for employees asserting claims against their employers for workplace injuries. *See Allen v. Eastman Kodak Co.*, 50 Ohio App.2d 216, 219–222 (10th Dist. 1976); *Jenkins v. Keller*, 6 Ohio St.2d 122, 126-127 (1966). The Industrial Commission of Ohio, as the adjudicatory body of the BWC, has exclusive subject-matter jurisdiction over such claims. *See Jenkins* at 126; *see also Cook v. Mayfield*, 45 Ohio St.3d 200, 201 (1989); *Benton v. Hamilton Cty. Edn. Serv. Ctr.*, 2009-Ohio-4969, ¶ 7. As the Ohio Supreme Court has held: "[T]he Courts of Common Pleas do not have inherent jurisdiction in workmen's compensation cases but only such as is bestowed upon them under the provisions of the act." *Jenkins* at 126. The only subject-matter jurisdiction conferred upon common pleas courts under the act is the authority to hear appeals from certain determinations made by the Industrial Commission regarding a claimant's right to participate in the fund. *See id.*; *see also* R.C. 4123.512 (establishing the right to an administrative appeal of the commission's decision to common pleas court).

## B. Application to the Estate's Claims

{¶ 18} Counts 2 through 6 of the Estate's complaint asserted claims for workplace injury. The parties to this case do not dispute that Ford is a participating employer under the Workers' Compensation Act and, therefore, the Industrial Commission has jurisdiction over the Estate's claims for workplace injury. The Estate argued before the trial court, however, that it filed its claims in the court of

common pleas because it believed that if the court declared R.C. 4123.59 unconstitutional as applied, such a ruling would remove the Industrial Commission's jurisdiction and vest subject-matter jurisdiction in the common pleas court.

{¶ 19} The trial court never reached the declaratory-judgment issue. Instead, at Ford's request, it administratively dismissed the entire complaint for failure to provide prima facie evidence necessary to sustain an asbestos-related claim where the decedent had a history of smoking.

{¶ 20} We find that because the trial court lacked subject-matter jurisdiction over Counts 2 through 6, it had no authority to administratively dismiss the case based on evidentiary sufficiency. The only course of action the trial court could have taken was to assess its jurisdiction and dismiss the action for lack thereof. *See In re N.W.*, 2005-Ohio-2466, ¶ 12 (8th Dist.) ("Any action taken by a court lacking subject matter jurisdiction (other than that to determine its own jurisdiction) is void and without effect.").

{¶ 21} For these same reasons, the trial court also lacked jurisdiction over Count 1, the declaratory-judgment action. While courts of common pleas generally have subject-matter jurisdiction over declaratory-judgment actions under R.C. Ch. 2721, *see Corder*, 2020-Ohio-5220, at ¶ 16, the existence of exclusive jurisdiction in an administrative agency modifies that analysis. The Ohio Supreme Court has made clear that when an agency has exclusive jurisdiction over a proceeding, an as-applied constitutional challenge to a statute must first be raised

during the administrative proceedings. *See Reading v. Pub. Utils. Comm.*, 2006-Ohio-2181, ¶ 15 ("[A] litigant must raise an as-applied constitutional challenge in the first instance during the proceedings before the [agency] in order to allow the parties to develop an evidentiary record."); *see also Pivonka* 2020-Ohio-3476, at ¶ 24; *Binder v. Cuyahoga Cty.*, 2020-Ohio-5126, ¶ 25. We recognize that administrative agencies, including the Industrial Commission, lack authority to declare a statute unconstitutional. *See Reading* at ¶ 14. After the administrative proceedings have concluded however, a court of common pleas then has subject-matter jurisdiction to issue a decision on the constitutional question on appeal from the administrative decision. *See Pivonka* at ¶ 24 ("[T]he proper procedure for raising a constitutional challenge is to first exhaust all administrative remedies. A party can then raise the constitutional challenge in the court that hears the administrative appeal.").

{¶ 22} Here, the Estate did not pursue its claims through the BWC and the Industrial Commission, nor did it raise the constitutional challenge as part of any administrative proceedings, or an appeal from the same. Accordingly, the common pleas court had no subject-matter jurisdiction to issue any determination on Count 1. The only authority the court had was to dismiss the case for lack of subject-matter jurisdiction, and any order rendered outside of this limited authority is void and without effect. *See In re N.W.*, 2005-Ohio-2466, at ¶ 12.

{¶ 23} Accordingly, we vacate the trial court's order administratively dismissing the complaint and remand with instructions to dismiss the action for lack of subject-matter jurisdiction.

{¶ 24} In light of our finding that the court lacked subject-matter jurisdiction, the Estate's assignments of error are moot.

{¶ 25} Judgment vacated and remanded to the trial court for proceedings consistent with this opinion.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR