[Cite as *M.T.O. v. A.O.*, 2026-Ohio-454.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| M.T.O., | : | |
| Plaintiff, | : | Nos. 115091 and 115208 |
| v. | : | |
| A.O., | : | |
| Defendant-Appellee. | : | |
| [Appeal by P.L., | : | |
| Proposed Intervenor-Appellant.] | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED IN PART, VACATED IN PART,
AND REMANDED
**RELEASED AND JOURNALIZED:** February 12, 2026

Civil Appeal from the Cuyahoga County Common Pleas Court
Domestic Relations Division
Case No. DR-19-379382

## *Appearances:*

Gembala, McLaughlin & Pecora, Anthony R. Pecora,
Anabelle R. Alamir, and Matthew R. Aberegg, *for appellee*
A.F.

Stafford Cruz Law Company and Kelley R. Tauring, *for
appellant*.

MICHELLE J. SHEEHAN, A.J.:

{¶ 1} Proposed intervenor-appellant P.L. seeks to establish visitation rights with her three half siblings ("minor children") pursuant to R.C. 3109.051(B)(1). Appellee A.F. (formerly known as "A.O.") is the mother of the minor children, unrelated to P.L., and opposes P.L.'s requested visitation with her minor children. Nonparty M.T.O. is the minor children's biological father. P.L. is the daughter of M.T.O. from a previous relationship. In 2022, M.T.O. consented to the adoption of the minor children by their stepfather. This consolidated appeal arises from the trial court's dismissal of P.L.'s motion to intervene in the underlying dissolution action between A.F. and M.T.O. (8th Dist. Cuyahoga No. 115091) and from the trial court's subsequent denial of P.L.'s motion for relief from judgment challenging that dismissal order (8th Dist. Cuyahoga No. 115208).

{¶ 2} Based on our review of the record and controlling Ohio Supreme Court authority, we vacate the trial court's dismissal of P.L.'s motion to intervene that was decided on its merits and remand this matter with instructions for the trial court to dismiss her motion to intervene for lack of subject-matter jurisdiction (8th Dist. Cuyahoga No. 115091). Specifically, the trial court lacked subject-matter jurisdiction to consider P.L.'s motion to intervene under R.C. 3901.051(B)(1) because Ohio's adoption statute, R.C. 3107.15, divested the trial court of its jurisdiction to issue visitation orders to biological relatives of a parent whose parental rights have been terminated. Further, because the trial court's order denying P.L.'s motion for relief for judgment was issued without subject-matter

jurisdiction, it is void. Because a void order is not a final appealable order, P.L.'s appeal regarding the trial court's denial of her motion for relief from judgment (8th Dist. Cuyahoga No. 115208) is dismissed. As a result, P.L.'s assignments of error are moot.

**Factual Background**

{¶ 3} The original action below was a dissolution proceeding instituted in November 2019 between A.F. and then husband M.T.O. During their marriage, A.F. and M.T.O. had the minor children at issue. P.L. is M.T.O.'s adult child from a previous relationship and half-sister to the minor children.

{¶ 4} A.F. and M.T.O.'s marriage was dissolved in January 2020, and they shared parenting responsibilities at that time. Thereafter, A.F. remarried and, in 2022, her new husband, K.F., adopted the minor children. M.T.O. did not oppose the adoption and is not a party to this appeal.

**Procedural Facts**

{¶ 5} On March 17, 2025, P.L. filed a motion to intervene in the below action to establish visitation with the minor children. A.F. filed a motion to dismiss P.L.'s motion to intervene on March 21, 2025. The trial court granted A.F.'s motion to dismiss on April 2, 2025. On May 2, 2025, P.L. appealed the trial court's dismissal of her motion to intervene.

{¶ 6} On May 2, 2025, P.L. also filed a Civ.R. 60(B) motion for relief from judgment seeking to vacate the trial court's judgment granting A.F.'s motion to dismiss. On May 9, 2025, the trial court denied P.L.'s motion for relief from

judgment. On June 6, 2025, P.L. appealed the trial court's denial of her motion for relief from judgment. Subsequently, this court consolidated P.L.'s appeals.

**Law and Analysis**

{¶ 7} Before we address the merits of this action, we must first determine whether the trial court had subject-matter jurisdiction to hear this matter. A.F. has asserted that the minor children's adoption pursuant to R.C. 3107.15 divested the trial court of its subject-matter jurisdiction to grant visitation rights to their *"former"* father's biological relatives. In turn, P.L. argues that A.F.'s failure to raise the trial court's lack of subject-matter jurisdiction in the below proceedings constituted a waiver of that issue. Based on well-established legal precedent, we find that the issue of subject-matter jurisdiction cannot be waived and we will address the merits of A.F.'s arguments.

{¶ 8} "Subject matter jurisdiction refers to the authority that a court has to decide a particular matter on its merits and grant the relief requested." *Holt v. Cuyahoga Cty.*, 2017-Ohio-748, ¶ 8 (8th Dist.), citing *Cirino v. Ohio Bur. of Workers' Comp.*, 2016-Ohio-8323, ¶ 43 (8th Dist.), citing *ABN AMRO Mtge. Group, Inc. v. Evans*, 2011-Ohio-5654, ¶ 5 (8th Dist.). "'Subject-matter jurisdiction is fundamental. It defines the court's power to decide cases. Subject-matter jurisdiction can never be waived, any decision entered without subject-matter jurisdiction is void.'" *S.D. v. K.H.*, 2018-Ohio-1181, ¶ 18 (8th Dist.), quoting *Francis David Corp. v. Scrapbook Memories & More*, 2010-Ohio-82, ¶ 17 (8th Dist.). "'"[I]n the absence of subject-matter jurisdiction, a court lacks the authority to do anything

but announce its lack of jurisdiction and dismiss . . . .""" *Terrell v. Ford Motor Co.*, 2025-Ohio-4671, ¶ 15 (8th Dist.), quoting *State v. Hudson*, 2022-Ohio-1435, ¶ 22, quoting *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 21. "'[A]ny other proclamation by a court lacking subject-matter jurisdiction is void.'" *Hulbert v. Buehrer*, 2017-Ohio-844, ¶ (10th Dist.), quoting *Pratts* at ¶ 12.

{¶ 9} Subject-matter jurisdiction can be challenged at any time, including for the first time on appeal. *Holt* at ¶ 8, quoting *In re Claim of King*, 68 Ohio St.2d 87, 89 (1980). The issue of subject-matter jurisdiction is a question of law that we review de novo. *In re S.K.L.*, 2016-Ohio-2826, ¶ 13 (8th Dist.). Similarly, we also review statutory interpretations de novo. *Parma v. Burgos*, 2019-Ohio-2445, ¶ 3 (8th Dist.).

{¶ 10} R.C. 3105.011(A) provides a court of common pleas including any court of domestic relations with "full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters." R.C. 2105.011(B)(2) defines "domestic relations matters" to include an action brought under R.C. Ch. 3109. R.C. 3109.051(B)(1) expressly grants subject-matter jurisdiction to a domestic relations court to make nonparent visitation orders in "'a divorce, dissolution of marriage, legal separation, annulment, or child support proceeding that involves a child . . . .'" *In re A.M.S.*, 2019-Ohio-3181, ¶ 23 (8th Dist.), citing *Doughty v. Doughty*, 2019-Ohio-974, ¶ 61 (5th Dist.). R.C. 3109.051(B)(1). R.C. 3109.051(B)(1) authorizes courts to grant visitation rights "to any grandparent, any person related to the child by consanguinity or affinity, or any other person other than a

parent . . . ." Accordingly, in general, the trial court below has subject-matter jurisdiction in a dissolution proceeding to hear motions of nonparents seeking visitation rights with a child.

{¶ 11} The issue now before us is what effect, if any, does a child's stepparent adoption have on the subject-matter jurisdiction conferred on the domestic relations court to grant visitation rights to former biological relatives under R.C. 3109.051(B)(1).[1] In *Sweeney v. Sweeney*, 71 Ohio St.3d 169 (1994) ("*Sweeney II*"), the Ohio Supreme Court certified a conflict between appellate district decisions that answered this very question. *Id*. at 170. *Sweeney II* addressed a conflict between the decisions in *Kmac v. Starman*, 83 Ohio App.3d 578 (9th Dist. 1992), and *Farley v. Farley*, 85 Ohio App.3d 113 (9th Dist. 1992), with *Sweeney v. Sweeney*, 1993 Ohio App. LEXIS 5030 (12th Dist. Oct. 18, 1993) ("*Sweeney I*"), *overruled by Sweeney II*. Specifically, the *Sweeney II* Court addressed the following issue:

> The issue certified to this court is "whether a domestic relations court retains jurisdiction to grant visitation rights under R.C. 3109.051 to a 'former' grandparent despite a step-parent adoption under R.C. 3107.15. In other words, what effect, if any, does R.C. 3107.15 have on the provisions of R.C. 3109.051 in the context of a step-parent adoption."

---

[1] "R.C. 3107.15(A) provides that a final decree of adoption issued by an Ohio court has the effect of terminating all parental rights of biological parents and creating parental rights in the adoptive parents." *State ex rel. Smith v. Smith*, 75 Ohio St.3d 418, 419 (1991). Further, R.C. 3107.15(A)(1) expressly "terminate[s] all legal relationships between the adopted person and the adopted person's relatives, including the adopted person's biological or other legal parents, so that . . . the adopted person thereafter is a stranger to the adopted person's former relatives for *all purposes* . . . ." (Emphasis added.)

*Id.* at 170. The *Sweeney II* Court reversed the court of appeals decision that had previously granted visitation rights to the "former" grandparents and reinstated the trial court's decision that had denied the former grandparents visitation. *Id.* While the *Sweeney II* Court did not provide detailed reasoning for its decision, a review of the underlying decision in *Sweeney I* with the appellate decisions in conflict with *Sweeney I* reveals our answer to this question.

{¶ 12} The underlying facts in *Sweeney* are nearly identical to the instant matter. The *Sweeney* appellants were the paternal grandparents of the children at issue. *Sweeney I* at *1. Appellants' son and the mother of the children divorced. *Id.* The wife remarried, and appellants' son consented to the stepfather's adoption of the children. *Id.* at *1-2. Appellants then sought visitation rights in the divorce proceeding under R.C. 3109.051. *Id.* at *2. The trial court denied visitation to the appellants based on the stepfather's adoption of the children relying on *In re Adoption of Ridenour*, 61 Ohio St.3d 319 (1991). *Sweeney I* at *2-3. In *Sweeney I*, the 12th District appellate court reversed the trial court and ordered visitation rights. *Id.* at *8-10. The court held that R.C. 3109.051 still applied in a divorce case to permit grandparent visitation despite the children's adoption. *Id.* This decision was *expressly* reversed by the Ohio Supreme Court. *Sweeney II* at 170.

{¶ 13} In *Farley*, the 5th District appellate court reversed two lower cases wherein the domestic relations court had granted visitation rights to grandparents following an adoption of the children at issue. *Farley* at 113-114. In each case, the grandparents sought to establish visitation rights under R.C. 3109.051 after the

finalization of an adoption. *Id.* The *appellate* court expressly determined that Ohio's "adoption statute terminates the jurisdiction of all courts with respect to the ancestors of the terminated parent" and that "relatives of parents whose parental rights are terminated have no standing in any Ohio court to assert visitation rights." *Id.* at 116-117. In *Sweeney II*, the Ohio Supreme Court did not modify this opinion. *Sweeney II* at 170. Thus, the Court implicitly approved the decision in *Farley*.

{¶ 14} Since *Sweeney II*, Ohio's adoption statute has been consistently construed to "to divest courts of jurisdiction or statutory authority to grant visitation to relatives of biological parents whose rights have been terminated by an adoption decree." *State ex rel. Kaylor v. Bruening*, 80 Ohio St.3d 142, 145 (1997); *In re Adoption of Zschach*, 75 Ohio St.3d 648, 652 (1996); *In re Adoption of Copas*, 2003-Ohio-224, ¶ 11 (12th Dist.) ("R.C. 3107.15 acts to divest courts of jurisdiction to grant visitation rights to biological parents or other relatives after adoption."); *In re Wise*, 2002-Ohio-3785, ¶ 10 (4th Dist.); *State ex rel. M.L.G. v. Montgomery*, 2012-Ohio-3591, ¶ 24 (10th Dist.) ("An adoption terminates the jurisdiction of a juvenile court, a divorce court, and/or a probate court as it relates to the granting of post-adoption visitation rights with respect to former parents."). Further, Ohio law no longer draws any distinction between "stranger" and "non-stranger or stepparent" adoptions. *See In re Martin*, 68 Ohio St.3d 250, 254 (1994); *In re Wise* at ¶ 11. Additionally, the lack of jurisdiction has been construed to apply to all relatives of the terminated parent even where they claim to be "other persons" under R.C. 3109.051. *See In re L.H.*, 183 Ohio App.3d 505, 509 (2d Dist. 2009) ("The same

would apply to an 'other person' such as [former stepfather] whose grounds for seeking visitation arose out of a prior family relationship."). Indeed, in *In re Adoption of Ridenour* at 326, the Ohio Supreme Court rejected the notion that R.C. 3109.051 could be used as a vehicle to establish visitation post-adoption. *Accord Kaylor* at 147 and *Kmac,* 83 Ohio App.3d 578, at 345.

{¶ 15} Based on our thorough review of the above controlling authority, we conclude that the minor children's adoption in the case below deprived the trial court of subject-matter jurisdiction to hear P.L.'s motion to intervene pursuant to R.C. 3109.051(B)(1). P.L.'s right to intervene pursuant to this statute was terminated after the minor children's adoption. Consequently, the trial court's order dismissing the action on its merits is vacated and this action is remanded with instructions to the trial court to dismiss P.L.'s motion to intervene for lack of subject-matter jurisdiction. *Terrell*, 2025-Ohio-4671, at ¶ 15, 23 (8th Dist.); *State v. Hudson*, 2004-Ohio-1980, ¶ 22, quoting *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 21; *Gurish v. Dept. of Dev. Disabilities*, 2012-Ohio-3457, ¶ 12 (8th Dist.). Additionally, because the trial court's order denying P.L.'s motion for relief for judgment was issued without subject-matter jurisdiction, it is void. Further, "[n]o appeal can be taken from a void judgment because a void judgment is necessarily not a final appealable order." *State v. Kenney*, 2003-Ohio-2046, ¶ 59 (8th Dist.). Therefore, 8th Dist. Cuyahoga No. 115208 relating to the trial court's denial of P.L.'s motion for relief from judgment is dismissed for lack of a final appealable order. Assignment of error Nos. 1-3 are moot.

**{¶ 16}** 8th Dist. Cuyahoga No. 115091 is vacated and remanded to the trial court for proceedings consistent with this opinion.

**{¶ 17}** 8th Dist. Cuyahoga No. 115208 is dismissed for lack of a final appealable order.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR